# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Case No. 15-1083V
Filed: August 31, 2016
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| REBECCA SWANICK, on behalf of J.S. | \* | |
| | \* | |
| Petitioner, | \* | Decision on Damages; Flumist; |
| v. | \* | Hepatitis A; Menactra |
| | \* | Tetanus-Diphtheria-acellular-Pertussis; |
| SECRETARY OF HEALTH | \* | Syncopal Episode. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Brian S. McCormick, Orlando & Associates, Gloucester, MA for petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On September 28, 2015, Rebecca Swanick ("petitioner") filed a petition on behalf of her minor daughter, J.S., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that J.S. suffered a syncopal episode resulting in a fractured jaw and broken teeth as a result of the administration of Flumist, Hepatitis A, Tetanus-Diphtheria-acellular-Pertussis, and Menactra vaccines on October 15, 2012. Petition at Preamble, ¶ 2, filed Sept. 28, 2015. On August 31, 2016

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

respondent filed a Rule 4(c) Report ["Respondent's Report"] in which she conceded that petitioner was entitled to compensation. Resp't Report at 1.  The undersigned issued a Ruling on Entitlement on that same day, finding petitioner as entitled to compensation based on an injury caused-in-fact by one or more of the vaccines at issue.

Respondent also filed a Proffer on an award of compensation as part of her Report, indicating that petitioner has agreed to compensation in the amount of $90,000.00, for all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $90,000.00 in the form of a check payable to petitioner, Rebecca Swanick, as guardian/conservator of J.S.'s estate.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

           **s/Thomas L. Gowen**
           Thomas L. Gowen
           Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| REBECCA SWANICK, on behalf of J.S., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-1083V <br> Special Master Gowen <br> ECF |

## RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On behalf of her daughter, J.S., Rebecca Swanick ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, on September 28, 2015. The Petition alleges that J.S. received four vaccines on October 15, 2012, including Flumist, Hepatitis A, Tdap, and Menactra, and subsequently suffered a syncopal episode which was caused-in-fact by the four vaccinations. Petition at 1.

Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the Petition and medical records filed in the case to determine whether petitioner qualifies for compensation under the Vaccine Act. DICP has concluded that compensation is appropriate in this case. In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as her responsive report.

## FACTUAL SUMMARY

On October 15, 2012, J.S. was seen by her pediatrician, Dr. Silva, for an annual physical. J.S. was twelve years-old and wore braces. The pediatrician noted that J.S.'s mother

1

requested the vaccines be administered prior to the start of the physical examination. Flumist, Hep A, Tdap, and Menactra vaccines were administered by a nurse. Dr. Silva heard a yell from the patient's room and found J.S. face down on the floor, perpendicular to the table, initially stiff and unconscious. The pediatrician rolled her over and stabilized her neck. J.S. regained consciousness almost immediately. She was initially pale and sweaty with a normal heart rate and respirations. Her blood pressure was 80/50. There was a small amount of blood on her teeth and a small abrasion and bruise on her chin. She was given ice and ibuprofen and once fully conscious, J.S. was helped to the table for an exam. Her sitting blood pressure was recorded as 112/64. Petitioner's Exhibit ("Pet. Ex.") 2 at 7-14.

The physical exam showed J.S. to be alert and cooperative, but tearful and complaining of pain in her left jaw. She was unable to open her jaw due to pain. She had a small laceration of her tongue and spit out numerous teeth chips, one of which had her braces bracket on it. An upper molar was fractured, but in place. She had a small abrasion on her right chin. The rest of her exam was normal. The plan was to send her for an x-ray and then for her to go to the orthodontist for the fractured teeth. Pet. Ex. 2 at 12-14. Dr. Silva noted that the x-ray showed a mandible fracture and TMJ dislocation. Id. at 14. Dr. Silva sent J.S. to the emergency room for a CT of her jaw. Id. at 16.

J.S. was seen in the emergency room at 3:43 p.m., and it was noted that she had at least four dental fractures. The history noted that there had been no syncopal episodes in the past and J.S. was otherwise healthy. A CT scan was performed that showed an angulated fracture of the left mandible and disruption of the TMJ. She was referred to the oral surgeon on call in the hospital who set her jaw with wire. Pet. Ex. 4 at 30-32.

2

Dr. Silva's office filed a filed a VAERS report. Pet. Ex. 2 at 15. The VAERS report was prepared by Nancy Burgess, LPN, who noted that the syncopal event occurred about ten minutes following receipt of the four vaccinations. Id.

By October 26, 2014, J.S. could open and close her jaw without pain and could eat food that was cut up in small pieces. However, she was not eating and had lost approximately ten pounds. She was cleared to return to sports. Pet. Ex. 2 at 20.

J.S. suffered four fractured teeth as a result of the syncopal event, and all four required dental repair. Her dentist has written a narrative report indicating that teeth #13 and #31 required multiple restorations and may require root canal therapy in the future. The dentist also indicated that teeth #22 and #23 may need additional restorations or crowns in the future due to sensitivity. Pet. Ex. 10 at 1. Her last dental treatment was on October 20, 2014, more than two years after her syncopal event. Her dental issues delayed her orthodontic care and removal of her braces by a period of at least nine months. Id.

## ANALYSIS

DICP believes that J.S.'s syncopal event is related to the administration of one or more of the vaccines she received on October 15, 2012. DICP agrees that J.S.'s alleged injury was caused-in-fact by one or more of her vaccinations and that no other cause for J.S.'s condition has been identified. See 42 U.S.C. § 300aa-13(a)(1)(B). Based on the medical records outlined above, J.S. suffered the residual effects of her condition for more than six months. See id. at § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

## PROFFER ON AWARD OF COMPENSATION

I.     **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $90,000.00 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Special Master's decision and the Court's judgment award the following:[1]

A. A lump sum payment of $90,000.00 in the form of a check payable to petitioner, Rebecca Swanick, as guardian/conservator of J.S.'s estate. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of J.S.'s estate.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

---

[1] Should J.S. die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                                          ALTHEA WALKER DAVIS
                                          Senior Trial Counsel
                                          Torts Branch, Civil Division

                                           s/Michael P. Milmoe
                                          MICHAEL P. MILMOE
                                          Senior Trial Counsel
                                          Torts Branch, Civil Division
                                          U.S. Department of Justice
                                          P.O. Box 146
                                          Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
                                          Tel:  (202) 616-4125

Date:   August 31, 2016