# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1083V
Filed: January 27, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| REBECCA SWANICK, on behalf of J.S., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Brian S. McCormick, Orlando & Associates, Gloucester, MA, for petitioner.
Michael Patrick Milmoe, United States Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 28, 2015, Rebecca Swanick ("petitioner") filed a petition on behalf of her minor daughter, J.S., for compensation under the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petitioner alleged that J.S. suffered a syncopal episode resulting in a fractured jaw and broken teeth as a result of the Flumist, Hepatitis A, Tetanus-Diphtheria-acellular Pertussis, and Menactra vaccines administered on October 15, 2012.  Petition at Preamble, ¶ 2, filed Sept. 28, 2015.  On August 31, 2016, respondent filed a Rule 4(c) report in which she conceded that petitioner was entitled to compensation.  Respondent's Report

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

("Resp't Report") at 1.  That same day, the undersigned issued a Ruling on Entitlement finding that petitioner was entitled to compensation based on an injury caused-in-fact by one or more of the vaccines at issue.

Respondent also filed a Proffer on an award of compensation as part of her Report.  The Proffer indicated that petitioner agreed to compensation in the amount of $90,000.00, for all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  A decision awarding petitioner $90,000.00 in compensation, pursuant to the terms of the Proffer, was issued on August 31, 2016.

On January 12, 2017, petitioner filed an application for attorneys' fees and costs.  Petitioner's ("Pet.") Motion ("Mot.") at 1.  Petitioner requested $28,725.00 in attorneys' fees for her counsel, Mr. Brian S. McCormick of Orlando Associates and $3,674.60 in costs,[3] coming to a total of $32,099.60 in attorneys' fees and costs.  Pet. Mot. at 1, Exhibit A at 9.  Pursuant to General Order #9, petitioner states that she did not incur any fees or costs related to the prosecution of this petition.  See General Order #9 Statement, filed Jan. 27, 2017.  On January 18, 2017, respondent filed a response to petitioner's application, in which she "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3.

**I.   Attorneys' Fees and Costs**

   **a.  Attorneys' Fees**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(3)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

---

[3] These costs include an invoice from attorney Mr. Troy M. Sullivan for work related to setting up a conservatorship for petitioner and her minor daughter J.S., in the amount of $2,612.00.  They also include costs of obtaining the medical records, proceeding in the Vaccine Program and probate court, copies, and postage, in the amount of $762.60.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apat from objections raised by respondent and without providing petitioners notice and an opportunity to respond. Sabella v. Secy' of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschoen v. Secy' of Health & Human Servs.,102 Fed. Cl. 719, 729 (Fed Cl. 2011). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Secy' of Health & Human Servs., 1992 WL 336502 at *2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992).

### i. Reasonable Hourly Rate

Petitioner requests that her counsel, Mr. McCormick, be paid at a rate of $375.00 per hour. The undersigned recently discussed the range of appropriate hourly rates to be awarded, based on an attorney's years of experience. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Under McCulloch, the appropriate range for an attorney with 11 to 19 years of experience is $300 to $375 per hour. Id. at *19. The particular attorney's experience in the Vaccine Program, overall legal experience, quality of work, and reputation in the legal community and the community at large should also be considered. Id. at *17.

Upon submission of the application for attorneys' fees and costs, Mr. McCormick had been licensed to practice law for 19 years. See Orlando & Associates – Brian S. McCormick, Esq., http://orlandoassociates.com/brian-s-mccormick-esq/ (providing that Mr. McCormick was admitted to the bar of the Commonwealth of Massachusetts in 1987). He was admitted to practice before the U.S. Court of Federal Claims on February 2016. Docket Entry on Feb. 22, 2016. This is his first case in the Vaccine Program. The undersigned finds, based on his consideration of the factors listed above, that it is appropriate to award a rate of $350.00 per hour to Mr. McCormick.

### ii. Hours Expended

Mr. McCormick logged a total of 76.6 hours on this case, from August 2014 to January 2017. He conducted a few hours of preliminary research on the Vaccine Program (as this was his first case in the Program). He also logged communications with petitioner, efforts to obtain medical records, preparation of filings to the Court, and communications with respondent's

3

counsel which resulted in a successful result for petitioner. The undersigned finds that the hours expended in this case were reasonable and will not be adjusted.

### b. Costs

The requirement that attorneys' fees be reasonable also applies to costs. McCulloch, 2015 WL 5634323 at *5 (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

Petitioner's application for costs includes an invoice from Mr. Troy M. Sullivan. Petitioner's ("Pet.") Motion ("Mot.") at 1, Exhibit A at 9-10. Mr. Sullivan is an estate planning attorney with sixteen years of legal experience. See The Sullivan Firm – About Us, http://estateplannermass.com/about/#sthash.pEsUjYeR.dpbs; Troy M. Sullivan LinkedIn Profile, https://www.linkedin.com/in/troymsullivan (providing that he graduated from law school and began working as an associate in 2000). Mr. Sullivan billed $275.00 per hour for 9.5 hours of work setting up a conservatorship for the minor, J.S. Pet. Mot. at 9-10. The undersigned finds that this is comparable to the cost of creating conservatorships in other Vaccine Program cases, and it is reasonable.

Petitioner's remaining costs are for medical records, legal proceedings in the Vaccine Program and in the probate court, copying and postage. These costs total $762.60. The undersigned finds that these costs are also reasonable and they will not be adjusted.

## II. Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds that it is reasonable to award a rate of $350.00 per hour for 76.6 hours of legal work performed by Mr. McCormick, for a total of $26,810.00 in attorneys' fees. He finds that the requested costs, totaling $3,674.60, are reasonable and need not be adjusted. Accordingly, he awards a total of $30,484.60 in attorneys' fees and costs.

**The undersigned awards attorneys' fees and costs as follows:**

> **(1) A lump sum of $30,484.60 in the form of a check payable jointly to petitioner and petitioner's counsel, Brian S. McCormick of Orlando & Associates, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
